FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

09 MAR 31 PM 1: 35

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAWKINS MFG, INC.<br>a Nebraska Corporation<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS K. GENGENBACH,<br>an Individual<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 8:08-cv-441<br>)<br>) **AGREED PROTECTIVE ORDER**<br>)<br>)<br>) |

Pursuant to the motion of the parties (Filing No. 32 in 8:08-cv-441) and subject to the approval of this Court, Plaintiff, Hawkins Mfg, Inc., and Defendant, Douglas K. Gengenbach, hereby stipulate to the following Agreed Protective Order in this action:

The Court, having determined that it is appropriate to enter a Protective Order to protect confidential information produced or disclosed during discovery and trial, hereby orders as follows:

**IT IS ORDERED:**

The motion of the parties for a Protective Order is granted.

**IT IS FURTHER ORDERED:**

1. **Definitions.** Only for purposes of this Order, the following terms shall have the following meanings:

(a) **"Document"** shall mean, without limitation, originals and copies (carbon, photographic, xerographic, microfilm, electronic and otherwise) of all correspondence, papers, agreements, licenses, minutes, memoranda, reports, notes (including laboratory and engineering

3

notebooks and records), diaries, interoffice and intraoffice corporate communications, messages, telegrams, telex communications, books, letters, ledgers, photographs, pictures, drawings, sketches, blueprints, analytical data, data sheets, motion pictures, publications, catalog sheets and addenda, price lists, instructions, maintenance records, work sheets, time cards, time records, advertisements, brochures, pamphlets, recordings (tape, disk, belt and any other type), invoices, work assignments, work records, work sheets, shipping tickets and bills, samples, models, prototypes, devices and any other writings, printed or typewritten matter, including drafts, and other physical objects.

(b) **"Litigation"** shall mean: (1) the discovery phase of this lawsuit; and (2) the trial of this lawsuit.

(c) **"Evidence"** shall mean any Document, testimony, statement, or tangible thing, or any derived summary, memorandum, or other abstract, the whole or any part of which a Disclosing Party may produce in connection with this Litigation.

(d) **"Confidential Information"** shall mean Evidence a Disclosing Party designates as Confidential Information and believes in good faith: (1) to constitute trade secrets, confidential know-how, technical information such as product design and manufacturing techniques, and other confidential or proprietary information and the like where the disclosure of that information to the public would injure the Disclosing Party; (2) to be confidential and not subject to public disclosure; or (3) to relate to or contain research information of or generated by any party or third party.

(e) **"Secret Information"** shall mean Evidence a Disclosing Party designates as Secret Information and believes in good faith to be Confidential Information and to further constitute: (1) financial, purchasing, marketing, cost, customer lists, sales, cost and pricing

information, and other like information; (2) information relating to products not yet generally offered to the market; or (3) information that poses an unreasonable risk of material harm to the Disclosing Party if disclosed to a party to this lawsuit as a business competitor.

   (f) **"Restricted Information"** shall mean Evidence that is Confidential Information or Secret Information.

   (g) **"Disclosing Party"** shall mean the party or third party, and any of its representatives, employees, agents or attorneys, in possession or control of Evidence, the disclosure of which is sought in this Litigation by another party or by this Court.

   (h) **"Recipient Party"** shall mean the party (or parties), and any of its representatives, employees, agents or attorneys, to whom Evidence is disclosed in connection with this Litigation.

   2.  **Confidential Information**. During the course of this Litigation, one party may request from the other party or a third party Evidence that the Disclosing Party may consider in good faith to be Confidential Information. The Disclosing Party may then designate that Evidence with the legend:

      **CONFIDENTIAL – Subject to Protective Order**

Each document must be separately designated on its face with the above legend. Any such Evidence so designated shall then only be disclosed by the Recipient Party to:

   (a) the attorneys for the Recipient Party;

   (b) the staff of the attorneys for the Recipient Party;

   (c) the Recipient Party and its representatives, employees, and agents who have a need to know the Confidential Information for participation in or the preparation of this Litigation for the Recipient Party; and

(d) any outside experts retained by the Recipient Party having a need to know the Evidence so designated for participation in or the preparation of this Litigation or in preparation for his/her testimony. This disclosure is subject to proper execution of non-disclosure agreements under Section 4.

3. **Secret Information.** During the course of this Litigation, one party may request from the other party or a third party Evidence that the Disclosing Party may consider in good faith to be Secret Information. The Disclosing Party may then designate that Evidence with the legend:

### SECRET – Attorneys Only.

Each document must be separately designated on its face with the above legend. Any such Evidence so designated shall then only be disclosed and produced by the Recipient Party:

(a) to the attorneys for the Recipient Party (excluding in-house counsel);

(b) to the staff of the attorneys for the Recipient Party; and

(c) to any outside experts designated by the Recipient Party having a need to know the Evidence so designated for participation in or the preparation of this Litigation or in preparation for his/her testimony. This disclosure is subject to proper execution of non-disclosure agreements under Section 4.

4. **Non-Disclosure Agreement.** Before any person or party, other than attorneys and their staff, receives Evidence under Sections 2 or 3 above, they shall sign under oath a Nondisclosure Agreement attached hereto as Exhibit A. Copies of such Nondisclosure Agreements shall be provided to the other parties.

5. **Failure to Designate.** Any Documents or Evidence provided by a Disclosing Party and not marked as CONFIDENTIAL or SECRET shall not be subject to this Order. The

inadvertent disclosure by the Disclosing Party of information that is privileged or otherwise immune or protected under the law from production will not be deemed a waiver in whole or in part of attorney-client privilege, attorney work product immunity or other ground of immunity from discovery, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon written notice by the Disclosing Party within 60 days of producing the information, the Recipient Party shall promptly return the originals and all copies of the documents or things containing the allegedly privileged or immune information. If the Recipient Party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other immunity from discovery, it may move the Court for an order that such information be produced, in which case the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

6. **Disclosure of and Use of Restricted Information.** With respect to any Evidence designated as Restricted Information produced or offered into evidence in this lawsuit, whether under order of Court or voluntarily, the Recipient Party, including its counsel, shall not disclose such Evidence or its contents with others, directly or indirectly, except under the procedures set forth in Sections 2-4 above, by written consent of the Disclosing Party, or by specific order of this Court. Such Evidence, except as may be exempted by Section 8, shall not be used by any recipient except for purposes directly related to this Litigation. Restricted Information shall not be used for or in connection with the research, patent prosecution or filing, development, manufacture, sale or marketing of any product or process.

7. **Filing Restricted Information with Court.** If any Evidence designated as Confidential Information or Secret Information is marked as an exhibit in this case or otherwise

placed in the Court file in this case, that material shall be marked respectively as **"CONFIDENTIAL – Subject to Protective Order"** or **"SECRET – Attorneys Only"** and sealed, and shall not be made available to any party other than the Court except by order of this Court. That evidence shall also be marked with the following legend:

> **This envelope contains documents filed by (name or party) and, under Court Order, shall not be opened or its contents displayed or revealed except by order of the Court or by stipulation of the parties.**

8. **Otherwise Known Restricted Information.** Notwithstanding the provisions of Sections 2-4 above, no obligation shall be imposed upon the Recipient Party on any portion of Evidence that:

(a) is independently developed by and in the Recipient Party's possession before the Recipient Party receives the Evidence;

(b) was at the time of disclosure, or afterwards became, reasonably known by or available to others in the industry by publication or otherwise, through no act of or failure to act by the Recipient Party; or

(c) is published or becomes generally known to the public through means not constituting breach of this Order; provided that a Recipient Party, even when free to use or disclose Evidence under this paragraph, shall nevertheless refrain from publicizing that such information has been derived from or known to the Disclosing Party.

9. **Determination of Restricted Status.** If any party disagrees at any state of the proceedings with a confidentiality designation, the parties shall first attempt to resolve any such dispute in good faith on an informal basis in the following manner:

(a) The party challenging the designation shall provide to the Disclosing Party written notice of the disagreement, specifically identifying the Restricted Information in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation;

(b) The Disclosing Party shall respond in writing to the challenging party's notice within ten calendar days, articulating the basis for the Disclosing Party's designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the Confidential Material; and

(c) If the dispute cannot be resolved between the parties without Court intervention, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of Restricted Information, the information, documents, or things shall retain its given confidentiality designation. In connection with any such motion, however, the Disclosing Party shall bear the burden of persuading the Court that there is a good faith basis for contending that the information, documents or things are properly designated as Restricted Information and for opposing any modification of such designation or this Order.

(d) A failure of a party to challenge a claim of confidentiality or secrecy shall not constitute acquiescence to such a claim if a question of compliance with this Order is subsequently raised.

10. **Penalty for Improper Designation.** If a party marks or identifies Evidence as Confidential Information or Secret Information and then fails to carry its burden as provided in Section 9 in a hearing or proceeding on the confidentiality of that Evidence, that party shall be liable to the other party for reasonable attorneys' fees for showing the non-confidential or non-secret status of the Evidence. Before a Disclosing Party becomes liable for attorneys' fees

under this paragraph, the Recipient Party shall provide written notice to the Disclosing Party identifying any Evidence that it believes not to be confidential or secret and specifying the grounds for the position of non-confidentiality or non-secrecy. The Disclosing Party shall then have thirty days from receiving written notice to evaluate its claim of confidentiality or secrecy, after which the Recipient Party may move the Court for appropriate relief.

11. **Burden on Proving Otherwise Known Restricted Information.** If any party claims that either exceptions (a) or (c) of Section 8 apply, then that party shall have the burden of proving the basis of the exception.

12. **Other Objections to Production Not Waived.** Nothing in this Order shall waive either party's rights to oppose production of any Evidence on the grounds of relevance or materiality, or as a privileged communication, as work product of counsel, or as not reasonably calculated to lead to the discovery of admissible evidence.

13. **Disposal of Restricted Information.** After the final exhaustion of all possible appeals and petitions for certiorari in this case, all Evidence designated as Confidential Information or Secret Information, including those parts of the Court file so designated under this Order, shall either be returned to the party or third party claiming the restricted nature, or, at the written direction of the claiming party, be destroyed by the possessing party.

14. **Copy to Court Clerk.** Either party may give a copy of this Order to the Court clerks handling this case's files and to any court reporter reporting testimony taken in this case, and this Order shall be their instruction and order not to sell or otherwise disclose to non-parties any transcript portion or Evidence copies designated as Confidential Information, and to not disclose or sell any transcript portion or Evidence copies designated as Secret Information to

anyone other than as specified in Section 3, and to otherwise maintain the Restricted Information under seal in envelopes marked with the legend set forth in Section 7.

15. **Depositions; Copy to Court Reporter.** A copy of this Order shall be presented to the court reporter taking any deposition testimony in this Litigation when or before any question is asked calling for Confidential Information or Secret Information as designated by the Disclosing Party. The court reporter shall omit from the deposition transcript those questions and answers calling for Restricted Information, and transcribe those questions and answers separately as a "special Confidential Information transcript" and a "special Secret Information transcript." These "special transcripts" and the corresponding reporter's notes shall be placed by the reporter in separate sealed envelopes or other appropriate sealed container marked with the title of the Court, the title of this cause, an indication of the nature of the contents, and a statement substantially in the following form:

For Secret Information:

### SECRET – Attorneys Only

**Under Court Order, this envelope shall not be opened or its contents displayed or revealed except by order of the Court or by stipulation of the parties.**

For Confidential Information:

### CONFIDENTIAL – Subject to Protective Order

**Under Court Order, this envelope shall not be opened or its contents displayed or revealed except by order of the Court or by stipulation of the parties.**

16. **Labeling of Restricted Information.** Only those portions of Evidence shall be identified as Restricted Information as counsel believes, in good faith, shall be entitled to such

designation under this Order. After such identification, the parties will attempt to agree to a means for completing discovery and investigation without jeopardizing the Restricted Information and without imposing unnecessary restrictions; for example: by agreement to blank out irrelevant Restricted Information from documents to be produced, provided that upon request the entire document shall be made available for inspection by requesting counsel in the presence of counsel for the Disclosing Party, but no copy of the entire document shall be made except under the further provisions of this Order.

17. **Motions to Modify Order.** Nothing in this Order shall limit a party from moving this Court for a modification of or exception to this Order.

18. **Standard of Care.** Any party receiving Restricted Information shall use a standard of care to protect the Restricted Information's confidentiality at least equal to the standard of care that the party uses to protect their own proprietary or confidential information of high importance against disclosure, publication, or dissemination, but in no event less than reasonable care.

19. **Purpose of Designations.** The designation by any party of material as "Confidential Information" or "Secret Information" under this Order is intended solely to facilitate the preparation and trial of this case. Treatment of material by parties and persons in conformity with this Order shall not be used as evidence or construed in any way as an admission or agreement by any party or person that the material constitutes or contains trade secrets, non-public research, or other similar non-public, confidential, or proprietary information, or information covered by a privacy right or interest.

20. **Duration.** This Order shall continue to be binding through and after the conclusion of this litigation, including any appeals.

21. **Superseding Agreement.** This Order supersedes all other agreements made in connection with the confidentiality of documents and information since the filing of this action, with the exception that any information designated as restricted under a prior protective order shall be deemed Secret Information until otherwise designated by the Disclosing Party.

ATTORNEYS FOR THE DEFENDANT

Date: 3/30/09

_____
Chad M. Neuens
Attorney for Defendant
GLASSWILKIN LAW FIRM
115 South Utica Avenue, Suite 250
Tulsa, OK 74104
Telephone: (918) 582-7100
Facsimile: (918) 582-7166
E-mail:     cneuens@glasswilkin.com

Date: _____

_____
Vincent L. Carney, #10605
Attorney for Defendant
P.O. Box 80836
Lincoln, NE 68501-0836
Telephone: (402) 465-8808
Facsimile: (402) 465-8810
E-mail:     vcarney@aol.com

ATTORNEY FOR PLAINTIFF

Date: _____

_____
Dennis L. Thomte, #14196
Attorney for Plaintiff
THOMTE PATENT LAW OFFICE, LLC
2120 South 72nd Street, Suite 1111
Omaha, NE 68124
Telephone: (402) 392-2280
Facsimile: (402) 392-0734
E-mail:     thomte@thomtelaw.com

21. **Superseding Agreement.** This Order supersedes all other agreements made in connection with the confidentiality of documents and information since the filing of this action, with the exception that any information designated as restricted under a prior protective order shall be deemed Secret Information until otherwise designated by the Disclosing Party.

ATTORNEYS FOR THE DEFENDANT

Date: _____

_____
Chad M. Neuens
Attorney for Defendant
GLASSWILKIN LAW FIRM
115 South Utica Avenue, Suite 250
Tulsa, OK 74104
Telephone: (918) 582-7100
Facsimile: (918) 582-7166
E-mail:   cneuens@glasswilkin.com

Date: _____

_____
Vincent L. Carney, #10605
Attorney for Defendant
P.O. Box 80836
Lincoln, NE 68501-0836
Telephone: (402) 465-8808
Facsimile: (402) 465-8810
E-mail:   vcarney@aol.com

ATTORNEY FOR PLAINTIFF

Date: 2/24/09

_____
Dennis L. Thomte, #14196
Attorney for Plaintiff
THOMTE PATENT LAW OFFICE, LLC
2120 South 72nd Street, Suite 1111
Omaha, NE 68124
Telephone: (402) 392-2280
Facsimile: (402) 392-0734
E-mail:   thomte@thomtelaw.com

21. **Superseding Agreement.** This Order supersedes all other agreements made in connection with the confidentiality of documents and information since the filing of this action, with the exception that any information designated as restricted under a prior protective order shall be deemed Secret Information until otherwise designated by the Disclosing Party.

ATTORNEYS FOR THE DEFENDANT

Date: _____

Chad M. Neuens
Attorney for Defendant
GLASSWILKIN LAW FIRM
115 South Utica Avenue, Suite 250
Tulsa, OK 74104
Telephone: (918) 582-7100
Facsimile: (918) 582-7166
E-mail: cneuens@glasswilkin.com

Date: *March 19, 2009*

*/s/ Vincent L. Carney/*
Vincent L. Carney, #10605
Attorney for Defendant
P.O. Box 80836
Lincoln, NE 68501-0836
Telephone: (402) 465-8808
Facsimile: (402) 465-8810
E-mail: vcarney@aol.com

ATTORNEY FOR PLAINTIFF

Date: _____

Dennis L. Thomte, #14196
Attorney for Plaintiff
THOMTE PATENT LAW OFFICE, LLC
2120 South 72nd Street, Suite 1111
Omaha, NE 68124
Telephone: (402) 392-2280
Facsimile: (402) 392-0734
E-mail: thomte@thomtelaw.com

SO ORDERED:

Date: 3/31/09

/s/ Lyle E. Strom

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

## Exhibit A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order entered in *Hawkins Mfg, Inc. v. Douglas K. Gengenbach* in the United States District Court for the District of Nebraska, Civil Action No. 8:08-cv-441, a copy of which has been provided to me, and I agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.

Further, to the extent I receive Restricted Information in connection with this litigation, I agree that I will hold that material and information in confidence in accordance with the terms of the Order. I understand that I am to retain all copies of the materials that I receive that have been designated as Restricted Information in a container, cabinet, drawer, room, or other safe place in a matter consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

_____
Signature