IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
HAWKINS MFG., INC., a          )
Nebraska corporation,          )
                               )
          Plaintiff,           )        8:08CV441
                               )
     v.                        )
                               )
DOUGLAS K. GENGENBACH, an      )        MEMORANDUM AND ORDER
individual,                    )
                               )
          Defendant.           )
_____)
```

This matter is before the Court on defendant Douglas K. Gengenbach's motion to dismiss for lack of subject matter jurisdiction (Filing No. 23.) Gengenbach argues that this Court lacks jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, because he never had any intention of enforcing the patent herein against plaintiff Hawkins Mfg., Inc. ("Hawkins"). Upon review of the motion, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be denied.

After a plaintiff files a complaint, the Federal Rules of Civil Procedure permit that certain defenses be asserted by motion. Fed. R. Civ. P. 12(b). Among these defenses is the motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss under Rule 12(b), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley*

*v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).  In order to establish subject matter jurisdiction in a patent case such as this, a declaratory judgment plaintiff such as Hawkins must plead that

> (1) the patent owner . . . acted in a manner to cause the prospective declaratory judgment plaintiff to have a reasonable apprehension that he or she, or his or her customers, will be charged with infringement; and (2) the declaratory judgment plaintiff must have committed acts that could constitute infringement or have taken concrete steps with the intent to conduct such activity.

*Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1332 (Fed. Cir. 2005).

      Hawkins has pled both elements necessary for it to establish subject matter jurisdiction.  First, Gengenbach admits that "Hawkins alleges in the Complaint that Gengenbach has sued other parties for infringement of the [']042 Patent and intimates that Gengenbach has made this claim against Hawkins . . . ." (Filing No. 24, at 4.)  This is sufficient to cause Hawkins to have a reasonable apprehension that it will be charged with infringement.  Gengenbach argues that although Hawkins makes these allegations, "there is no basis for" them.  (*Id.*)  However, these are matters to be resolved by evidence, not at the pleading stage.  Moreover, Gengenbach attempts to disprove Hawkins's allegations by attaching petitions from certain Nebraska state

-2-

court actions he has filed, including one against Hawkins.  (*See* Filing No. 25-3, at Exs. A, B.)  However, the very existence of these petitions would cause a reasonable person in Hawkins' position to apprehend that it would be charged with infringement because they demonstrate Gengenbach's willingness and preparedness to enforce his rights.  Similarly, the demand letter Gengenbach sent to Hawkins clearly demonstrates his willingness and preparedness to enforce his patent rights.  (Letter from Kenneth F. George to Hawkins Mfg. Inc. (May 31, 2007), Filing No. 29, Ex. 2.).  The first element is therefore satisfied.  Second, by building the corn/paddle reel at issue here and thereafter by failing to comply with the demand letter, Hawkins took action that could constitute infringement of Gengenbach's patent.  Hawkins, therefore, may invoke this Court's jurisdiction under the Declaratory Judgment Act.

  Gengenbach argues that Hawkins has failed to establish that an actual controversy exists between the parties.  He asserts that he "has not claimed that Hawkins is violating the [']042 Patent, nor has [he] sued or threatened to sue Hawkins concerning the [']042 Patent."  (Filing No. 24, at 2.)  However, filing or threatening suit on the basis of the patent at issue is not the test for satisfaction of the case or controversy requirement.  All that is necessary is that Gengenbach cause Hawkins to have a reasonable apprehension that it or its

customers could be charged with infringement and that Hawkins committed acts that could constitute infringement. The Court finds that Hawkins has alleged at least this much.

Gengenbach argues that his covenant not to sue deprives the Court of subject matter jurisdiction. Even if the Court found that Gengenbach's covenant was broad enough to eliminate all fear of suit on the patents at issue, which it does not,[1] the covenants would still not moot the Court's jurisdiction. Where, as here, the defendant has "engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights . . . [a] statement that it does not intend to sue does not moot the actual controversy created by its acts." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007). Hawkins has therefore satisfied the necessary elements of this Court's subject matter jurisdiction and Gengenbach's covenant does not operate to moot it. This lawsuit should be allowed to proceed. Accordingly,

---

[1] Gengenbach's appeal to *Vyatek Sports, Inc. v. Ping, Inc.*, 2008 WL 4462012 (D. Ariz.) is unavailing. In *Ping*, the Court concluded it lacked subject matter over certain of the claims because a "stipulation and a similar covenant not to sue eliminate[d] any potential case or controversy with respect to the '006 patent and current Ping products." *Id.* at *2.

IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction (Filing No. 23) is denied.

DATED this 23rd day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court